UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                      :
M&G POLYMERS, USA, LLC,                               :
                                                      :  CASE NO. 1:13-CV-1957
                                                      :
           Plaintiff,                                 :
                                                      :
vs.                                                   :  OPINION & ORDER
                                                      :  [Resolving Doc. No. 18, 21, 26, & 28]
INVISTA S.A R.L., LLC, *et al.*,                      :
                                                      :
           Defendants.                                :
                                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, the Plaintiff M&G Polymers, USA, LLC ("M&G") complains that Defendant INVISTA issued a press release that Plaintiff says falsely describes the results of a patent litigation in the U.S. District Court for the District of Delaware. With a motion, Defendants request that the Court transfer the action to the District of Delaware under 28 U.S.C. § 1404(a).[1] Plaintiff M&G Polymers opposes.[2] For the reasons below, this Court **DENIES** Defendants' motion to transfer.

**I. Legal Standard**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

---

[1] Doc. 18, 28.
[2] Doc. 21.

-1-

Case No. 1:13-CV-1957
Gwin, J.

have been brought . . . ."[3] A district court has discretion over whether to transfer a case under Section 1404.[4]

When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[5]  But, "if venue is proper, a plaintiff's choice of forum is given substantial weight," unless the defendant shows that convenience and the interests of justice "strongly favor transfer."[6]

### III. Analysis

The parties make no argument that venue would be proper in both the Northern District of Ohio and the District of Delaware.  Both Courts have both personal jurisdiction and subject matter jurisdiction over this case.[7]

Rather, the parties' arguments focus on whether the Section 1404(a) factors recommend transferring this case. Accordingly, this Court considers each factor.

**A.    Convenience of the Parties & Witnesses**

In support of their motion to transfer, Defendants say that Delaware is the "center of gravity of the alleged wrongful conduct" and relevant witnesses and documents are located in Delaware.[8]

---

[3] 28 U.S.C. § 1404(a).

[4] *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir.2002) (citations omitted).

[5] *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

[6] 14D Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3801 (3d ed.).

[7] Defendants do not dispute that the Courts have personal jurisdiction and the Courts have subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1338 (a) (Patent Act claim), 1367 (supplemental jurisdiction over pendant state law claim); and 15 U.S.C. § 1121(Lanham Act claims).

[8] Doc. 18-1 at 8-12.

Case No. 1:13-CV-1957
Gwin, J.

Defendants say that the "most pertinent witness" regarding the relevant Press Release works at INVISTA's Wilminton office, and the majority of the other knowledgeable INVISTA employees work in Delaware or Kansas. Defendant says these witnesses would be more inconvenienced by traveling to Ohio rather than attending trial in Delaware.[9] Moreover, Defendants say that the key documents and evidence are in Delaware, not Ohio.[10]

These arguments do not succeed. Typically, when more than one forum would be an appropriate venue for trial, some inconvenience to one or more parties will exist no matter which forum is chosen. Consequently, if a change of venue merely shifts the inconvenience from defendant to plaintiff, a change of venue is improper.[11]

To warrant transfer then, a defendant must show some hardship involved in transporting documents to the plaintiff's chosen district[12] and must also show that witnesses are unwilling to attend or would be severely inconvenienced by a trial in that forum.[13]

Here, Defendants have done neither. And, the generalized argument that witnesses reside in and documents are located in the proposed transferee district does not merit transfer.[14]

---

[9] *Id.* at 10-11.

[10] *Id.* at 12.

[11] *See Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

[12] *See AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1340 (S.D. Ohio 1982) (declining to transfer in spite of defendant's position that transfer was warranted "because a substantial majority of the documents and computers" were located in the other district).

[13] *Gdovin v. Catawba Rental Co., Inc.*, 596 F. Supp. 1325, 1327 (N.D .Ohio 1984) ("The moving party must once again do more than merely assert the appropriateness or value of a different forum for witnesses; rather, he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district.") (citing *Weltman v. Fletcher*, 431 F.Supp. 448 (N.D. Ohio 1976)).

[14] *See Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F.Supp. 1450, 1452 (S.D.Miss.1985) (finding defendant failed to meet to establish why change of forum was appropriate where it only stated "in conclusory terms that it should not be put to the hardship of having to litigate in this forum").

Case No. 1:13-CV-1957
Gwin, J.

Moreover, although Defendants' employee witnesses reside in Kansas and Delaware, Plaintiff's employee witnesses live in Ohio and Texas.[15] And, all of Plaintiff's non-party witnesses reside in Ohio (with four out of five in the Northern District).[16] The inconvenience to Defendants' own *employees* does not outweigh the inconvenience to Plaintiff's non-party witnesses who Plaintiff says will testify to "highly material issues" at the heart of this case and who will be outside the subpoena power of the Delaware court.[17]

Therefore, the convenience of the parties and witnesses does not favor transfer.[18]

**B. Plaintiff's Choice of Forum**

Though Plaintiff's choice of forum is not determinative, it is a relevant factor in the § 1404(a) analysis.[19] "[U]nless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed."[20]

Defendants say that the Court should give Plaintiff M&G's choice of forum "little deference."[21] Defendants say that the operative facts giving rise to the case occurred in Delaware, not in Ohio.

For its response, Plaintiff M&G says that it selected this forum because the operative facts happened in Ohio, the majority of the non-party witnesses are here, and Ohio is a significant location

---

[15] Doc. 21 at 7.

[16] *Id.*; Doc. 21-2.

[17] Doc. 21 at 8. *See J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08 CV 977, 2009 WL 385611, at *23 (N.D. Ohio Feb. 13, 2009) ("[W]hen a party's out-of state witnesses are its own employees, the inconvenience is greatly reduced because the party should have no difficulty compelling the employees' presence at trial." (quoting *T&W Forge, Inc. v. V&L Tool, Inc.*, 05-CV-1637, 2005 U.S. Dist. LEXIS 24619, at *31 (N.D. Ohio Oct. 21, 2005))).

[18] *See Kroger Co. v. Merrill*, No. 1:09–CV–722, 2009 WL 2059776, at *3 (N.D. Ohio July 9, 2009) ("While the Defendants themselves may not be located in Ohio, and their witnesses and documents may not be in Ohio, that is insufficient to merit transfer.").

[19] *Int'l Union, U.A.W. v. Aluminum Co. of America*, 875 F.Supp. 430, 433 (N.D.Ohio 1995).

[20] *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir.1951) (citations omitted).

[21] Doc. 18-1 at 10.

-4-

Case No. 1:13-CV-1957
Gwin, J.

for sales of Plaintiff's product, PoliProtect, that was the litigation focus in the Delaware patent litigation.[22] That Ohio is an appropriate forum remains undisputed, and the Court gives deference to Plaintiff's choice of forum.

Accordingly, this Court finds the choice of forum factor weighs against transfer.

**C. Interests of Justice**

Defendants also say that the interests of justice support the transfer because the District of Delaware has familiarity with the underlying patent infringement litigation and Ohio does not have a strong local interest in adjudicating the dispute.[23] While the Court agrees that the District of Delaware has firsthand knowledge of the litigation and judicial rulings that the Press Release describes, the District of Delaware is not the only court equipped to determine whether Defendants' characterizations of the events in the Press Release are false or misleading. Additionally, Defendants do not provide a compelling explanation for why the District of Delaware has significantly more interest in resolving this dispute when Plaintiff has chosen this forum, the complaint contains an Ohio Deceptive Trade Practices Act claim, non-party witnesses live in Ohio, and Plaintiff alleges harm occurred in Ohio.

The Court finds that the choice of forum factor weighs only slightly toward transferring.

## IV. Conclusion

Convenience factors weigh strongly against transferring this case, while the interest of justice weighs slightly toward transferring. Considering the facts, the procedural posture of the case, and giving some deference to the Plaintiff's choice of forum, the Court determines that, on balance, it

---

[22] Docs. 21 at 7-8; 21-2.
[23] Doc. 18-1 at 12-15.

Case No. 1:13-CV-1957
Gwin, J.

should not transfer the case. For the foregoing reasons, this Court **DENIES** Defendants' motion to transfer venue.

       IT IS SO ORDERED.


Dated: November 13, 2013                      s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE